[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13528
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00352-ECM-SMD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY DEAN PETTIWAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 31, 2020)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Timothy Dean Pettiway appeals his 33-month sentence for aiding and abetting employee theft exceeding $1000 from an Indian gaming establishment. After careful consideration, we affirm his sentence.

## I.

In August 2018, Pettiway was charged with one count of conspiracy to defraud and one count of aiding and abetting employee theft exceeding $1000 from an Indian gaming establishment. In February 2019, Pettiway pled guilty to the aiding and abetting charge, pursuant to a plea agreement. Pettiway's plea agreement included a waiver of his right to appeal or collaterally attack his conviction or sentence.

The presentence investigation report prepared in Pettiway's case calculated his imprisonment range under the United States Sentencing Guidelines to be 33 months to 41 months. In August 2019, the district court sentenced Pettiway to 33-months imprisonment, followed by three years of supervised release, and ordered him to pay $192,800 in restitution. On the government's motion, Pettiway's conspiracy count was dismissed.

Pettiway timely appealed to this Court. He argued that the district court abused its discretion by imposing a substantively unreasonable sentence. The government moved to dismiss Pettiway's appeal pursuant to the appeal waiver in his plea agreement. A panel of this Court denied the government's motion because

the record did not establish that Pettiway's appeal waiver was knowing and voluntary.[1]

## II.

This Court reviews the reasonableness of a sentence for an abuse of discretion.  United States v. Foster, 878 F.3d 1297, 1304 (11th Cir. 2018).

## III.

Pettiway argues that the district court should have imposed a sentence below the guideline range because of his age, his physical and mental health, and the non-violent nature of his offense.

"To arrive at an appropriate sentence, the district court must consider all of the applicable [18 U.S.C.] § 3553(a) [sentencing] factors."  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).  The § 3553(a) factors include: "(1) the nature and circumstances of the offense, (2) the defendant's history and characteristics, (3) the kinds of sentences available, (4) the applicable sentencing guidelines range, (5) pertinent policy statements of the Sentencing Commission, (5) the need to provide restitution to any victims, and (6) the need to avoid unwarranted sentencing disparities."  Id.; (citing 18 U.S.C. § 3553(a)).  "A

---

[1] In its brief, the government once again asks us to dismiss Pettiway's appeal pursuant to the appeal waiver in his plea agreement.  We decline this invitation.  The motions panel decided that the record does not show that Pettiway knowingly and voluntarily waived his right to appeal. We will not revisit this decision.  Regardless of the validity of the appeal waiver, we agree with the government that Pettiway does not succeed on the merits of his appeal.

3

district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

Pettiway argues that the district court abused its discretion by sentencing him within the guideline range and not granting a downward variance. He says a downward variance was warranted because his offense was not violent, he is in his mid-50s, and he lives with physical disabilities as the survivor of a drive-by shooting.

The district court did not abuse its discretion by imposing a 33-month sentence. First, this sentence was at the bottom of Pettiway's guideline range. "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable." United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (quotation marks omitted and alteration adopted). Second, the district court expressly considered the personal circumstances Pettiway points to on appeal. At sentencing, the district court heard arguments about Pettiway's physical ailments and his need for surgery. The court concluded that, because Pettiway "received medical care while [he was] incarcerated . . . [his] medical condition is [not] so

4

dire that it warrants a variance in this case." The court also considered that Pettiway had been caring for his son, and noted that as Pettiway had "gotten older, [he had] gotten more responsible." It observed that Pettiway's offense did "not involve controlled substances or weapons or any violence," but concluded that there was still "an element of danger in the fact that [he] was committing a crime." The court further found it significant that Pettiway's offense involved "the theft of a significant amount of money," which had not been recovered at the time of sentencing. Finally, the court noted that Pettiway had "a lengthy and substantial criminal history."

After considering these circumstances and weighing the § 3553(a) sentencing factors, the court imposed a sentence of 33 months, the lowest sentence within the guideline range. The district court did not abuse its discretion, because this sentence was within "the range of reasonable sentences dictated by the facts of [Pettiway's] case." See United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).

**AFFIRMED.**

5